UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Raphael Mendez,

             Plaintiff,

vs.                            REPORT AND RECOMMENDATION

Ms. Dee Hammel, Lt. Toliver,
Warden B.R. Jett, Counselors'
M. Stalka, T.J. Nelson, and all
employees at FMC Rochester,
Minn.,

             Defendants.       Civ. No. 10-2231(ADM/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Chief Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed.

II. Factual and Procedural Background

The Plaintiff, who is a civilly committed Federal detainee, is currently confined at the Federal Medical Center, in Rochester, Minnesota ("FMC-Rochester"). He has filed several previous cases in this District, which provide some information about his civil commitment. In one of those previous cases, we determined that the Plaintiff was apprehended in the Virgin Islands in 1990, and was charged with assault with a deadly weapon -- namely, a shotgun. See, Raphael Mendez v. Judge Earl W. Britt et al., Civil No. 07-1278 (JMR/RLE), at Docket No. 3, pp. 2-3 (Report and Recommendation dated March 9, 2007). However, the Plaintiff never went to Trial on that charge, because he was found to be mentally incompetent, and he also was found to be a danger to himself, and to others, which is how he originally came to be civilly committed. Id. In 1996, the Plaintiff was conditionally released from his civil commitment, but a few years later, he was returned to custody, because he violated the terms and conditions of his release. Id. The Plaintiff was later transferred to FMC-Rochester, and he has been confined there for the past several years.

In the present case, the Plaintiff is attempting to sue several individuals who allegedly are employed at FMC-Rochester. The allegations on which the Plaintiff's claims are based, repeated verbatim, and in their entirety, are as follows:

> Plaintiff, bought 100 e-mail minute and the defendants refuse's [sic] to activate or reimburst [sic] plaintiff for the e-mail service payed [sic] for. Which formed the base of the grieving problem that defendants now punishes plaintiff for by restricting the service even further by two more additional weeks of not activating nor reimbursting [sic] plaintiff for service's [sic] never given. Defendants demonstrates [sic] Character organize prior and presently for F.R.Cv. P. Rule 405 admissibility of character evidence under 404(b) prior to this action.

Complaint, Docket No. 1, p. 3§IV.

Based upon these allegations, the Plaintiff is seeking a Judgment against the named Defendants for the following relief:

> Plaintiff wants the defendants to activate e-mail service's [sic] and to stop taken off attorney friends and court assigned attorney's e-mail address off Plaintiff listing to include plaintiff family member's [sic] who telephonic conversation are monitored and Plaintiff wants to be awarded for their intentional act's [sic] that discomforted plaintiff and that each defendant pay full court cost to this action.

Id. at p.3§V.

With this as our background, we turn to the merits of the Plaintiff's claims.

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir.

1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Here, the Plaintiff's Complaint does not mention any legal principle or doctrine on which his action against the Defendants is predicated. The Plaintiff prepared his Complaint on a form that is designated for use by prisoners seeking relief under Title 42 U.S.C. §1983, which suggests that the Plaintiff might be seeking relief for alleged violations of his Federal constitutional rights. However, the Complaint does not identify any constitutional basis for the Plaintiff's current lawsuit, and more importantly, the Plaintiff has not alleged any facts suggesting that the Defendants violated his constitutional rights in any way.

Indeed, there are no allegations in the Complaint suggesting that any of the named Defendants did anything, or failed to do anything, that could cause any of them to be liable to the Plaintiff under **any** recognizable legal principle or doctrine. Furthermore, there are no allegations suggesting that any of the named Defendants did anything, or failed to do anything, that caused the Plaintiff any compensable or remediable injury.

Simply put, the allegations set forth in the Plaintiff's Complaint do not entitle him to any legal recourse against any of the named Defendants, or anyone else, under any legal theory. Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action. Based upon that determination, we recommend that the Plaintiff's IFP Application be denied, as moot, and that this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In Forma Pauperis</u> [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: June 8, 2010                           *s/Raymond L. Erickson*
                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later **June 22, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 22, 2010**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.