UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

               Plaintiff,         **MEMORANDUM OPINION
AND ORDER**
v.                                          Civil No. 10-2231 ADM/RLE

Ms. Dee Hammel, Lt. Toliver,
Warden B.R. Jett, Counselors
M. Stalka and T.J. Nelson, and all
Employees at FMC Rochester
Minn.,

               Defendants.

---

Raphael Mendez, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Raphael Mendez's ("Mendez") Objections [Docket No. 4] to Chief Magistrate Judge Raymond L. Erickson's June 8, 2010 Report and Recommendation ("R&R") [Docket No. 3]. Judge Erickson recommended denying Mendez's application for leave to proceed in forma pauperis [Docket No. 2] ("IFP") and summarily dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). For the reasons stated below, Mendez's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Mendez is attempting to sue Defendants Dee Hammel, Lieutenant Toliver, Warden B.R. Jett, Counselors M. Stalka and T.J. Nelson, and all employees at the Federal Medical Center ("FMC") in Rochester, Minnesota (collectively "Defendants"). Mendez alleges Defendants

wrongly prevented him from using e-mail services he purchased and failed to reimburse him for those charges. Complaint [Docket No. 1] p. 3. Mendez asks this Court to order Defendants to activate his e-mail service and to stop monitoring his e-mail account; he also seeks damages and court fees. Id.

### III. DISCUSSION

**A. Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).

**B. Plaintiff's Objection**

Mendez objects to the R&R, arguing that Judge Erickson and Judge James M. Rosenbaum,[1] are biased and incapable of fairly adjudicating his claims. By his own admission, Mendez objects without having actually read the R&R.

Judicial rulings by themselves "almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, a petitioner must

---

[1] Although Judge Rosenbaum has ruled on several other cases in which Mendez has alleged a violation of his civil rights, Judge Rosenbaum has had no involvement with this most recent case. Thus, Mendez's allegation of Judge Rosenbaum's bias with respect to this proceeding is unfounded.

2

proffer evidence of a "high degree of favoritism or antagonism as to make fair judgment impossible." Underdahl v. Minnesota, Civ. No. 09-1843, 2010 WL 2301328, *14 (D. Minn. May 3, 2010) (quoting Liteky, 510 U.S. at 540). Mendez offers no evidence to establish that Judge Erickson displayed this level of partiality in the proceedings. Instead, Mendez asserts he refused to read the R&R because he "expected before hand [sic]" that his claim would be denied due to the court's bias. This contention is meritless and uncorroborated by any evidence, and accordingly, must be rejected.

Even if this court were to consider Mendez's claims on the merits, the Complaint must be dismissed because he has failed to plead a cause of action on which relief can be granted. Mendez's claims are set forth in a form document, "Complaint for Violation of Civil Rights Under 42 U.S.C. 1983," which suggests that he is attempting to bring a federal civil rights actions against the named Defendants. To state an actionable civil rights claim, a complaint must allege facts showing that each defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe specifically what each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimant must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing).

In this case, Mendez has not alleged facts which suggest that any of the Defendants violated his constitutional rights in any way. Indeed, other than the pre-printed caption on the form document, the Complaint makes no reference to the federal constitution, nor does the Complaint cite any viable legal basis for Mendez's lawsuit. The Complaint merely alleges that

3

Defendants have restricted Mendez's access to e-mail.  As Judge Erickson noted, this vague allegation, by itself, is insufficient to state an actionable claim for relief under any conceivable legal theory.

## IV. ORDER

Based upon the foregoing, and all of the filed, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 4] are **OVERRULED**;

2. The R&R [Docket No. 3] is **ADOPTED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**;

4. Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 2] is **DENIED**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 23, 2010.